# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CRYSTAL LEA GILLAM,<br><br>　　　　Defendant. | No. CR03-1008-LRR<br>No. C05-1027-LRR<br><br>ORDER |

　　　　This matter comes before the court on the defendant's motion to vacate, set aside or correct her sentence (Docket No. 100). The defendant filed her motion pursuant to 28 U.S.C. § 2255.[1] Also before the court is the defendant's motion to extend the deadline for filing her 28 U.S.C. § 2255 motion (Docket No. 98), application to proceed in forma pauperis (Docket No. 99) and supplement/addendum to her 28 U.S.C. § 2255 motion (Docket No. 101). For the following reasons, both of the defendant's motions shall be

---

　　　　[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *See also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

denied.² In addition, the defendant's application to proceed in forma pauperis shall be denied, and a certificate of appealability shall be denied.

## I. BACKGROUND

On March 7, 2003, the grand jury returned and the government filed an indictment against the defendant. Count one charged that the defendant did knowingly and unlawfully combine, conspire, confederate, and agree with other defendants and other persons, known and unknown to the grand jury, to: (1) distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); and (2) manufacture and attempt to manufacture 5 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). Count one also charged that the defendant committed such offense after having previously been convicted of a felony drug offense, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 851. On July 1, 2003, the defendant filed a notice regarding her intention to plead guilty and consent to proceed before a magistrate judge. On the same date, the defendant appeared before Chief Magistrate Judge John A. Jarvey for her change of plea hearing. At such hearing, the defendant pleaded

---

² No response from the government is required because the motion and file make clear that the defendant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id. See also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

guilty to count one of the indictment. After the change of plea hearing, Chief Magistrate Judge John A. Jarvey entered a report and recommendation that a United States District Court Judge accept the defendant's plea of guilty. On July 21, 2003, the court entered an order adopting the report and recommendation pertaining to the defendant's guilty plea. On March 10, 2004, the court sentenced the defendant to 188 months imprisonment and 6 years supervised release. On the same day, judgment entered against the defendant. The defendant did not file an appeal.

On May 5, 2005, the defendant filed a motion pursuant to 28 U.S.C. § 2255, a motion to extend the deadline for filing her 28 U.S.C. § 2255 motion, an application to proceed in forma pauperis and a supplement/addendum to her 28 U.S.C. § 2255 motion. In her 28 U.S.C. § 2255 motion, the defendant challenges her conviction and resulting sentence based on several grounds. Specifically, the defendant claims: (1) "the prosecutor failed to grant [a substantial assistance departure] after [she] cooperated [by] aiding the conviction of others [and] showing them places [where] activity was occurring" (2) counsel provided ineffective assistance because "[he] knew [she] had played a beneficial role in gaining convictions of others, allowed [the prosecutor] to interrogate [her] without being present [and] failed to raise objections"; and (3) counsel provided ineffective assistance because "[he] failed to file [an] appeal, the sentence imposed was greater than what he stated and [he] allowed enhancements. In her motion to extend the deadline for filing her 28 U.S.C. § 2255 motion, the defendant states: "[that her] one year limit for filing a [motion pursuant to 28 U.S.C. § 2255] was on March 10, 2005, [that she was not] aware until a week from this date that her former attorney [. . .] failed to file [a motion pursuant to 28 U.S.C. § 2255] and [that the court should accept her motion pursuant to 28 U.S.C. § 2255] due to circumstances that were beyond her control. In her supplement/addendum, the defendant elaborates on the claims that she raised in her 28 U.S.C. § 2255 motion.

3

The court now turns to consider the defendant's motion pursuant to 28 U.S.C. § 2255, motion to extend the deadline for filing her 28 U.S.C. § 2255 motion, application to proceed in forma pauperis and supplement/addendum to her 28 U.S.C. § 2255 motion.

## II. ANALYSIS

### A. Application to Proceed In Forma Pauperis

With respect to the defendant's application to proceed in forma pauperis, a fee is not associated with filing a motion pursuant to 28 U.S.C. § 2255. Accordingly, the defendant's application to proceed in forma pauperis shall be denied as moot.

### B. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. *See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time

on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). *See also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S.

5

at 623-24. *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[3]

### C. Timeliness Under the AEDPA and 28 U.S.C. § 2255.

The AEDPA contains a one year period of limitation during which a 28 U.S.C. § 2255 motion must be filed.[4] The statute of limitations begins to run from the latest of four circumstances. The first of these circumstances is the date on which the judgment of conviction became final. Here, the defendant's conviction became "final" on March 24, 2004–the last day she could have filed an appeal with the Eighth Circuit Court of Appeals.

---

[3] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

[4] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

*See* Fed. R. App. P. 4(b)(1)(A) (indicating a defendant in a criminal case has ten days to file a notice of appeal); Fed. R. App. P. 26(a) (indicating it is appropriate when computing time to exclude the day of the event that begins the period, exclude intermediate Saturdays, Sundays and legal holidays, and include the last day of the period unless certain exceptions exist). *See also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."). *Cf. Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The defendant did not file her 28 U.S.C. § 2255 motion until May 5, 2005, which is beyond the last day it properly could have been filed.

Further, the defendant's situation does not fall under any of the remaining three timeliness provisions set forth in 28 U.S.C. § 2255. Given her assertions regarding the sentence enhancement she received and her reference to the Supreme Court's recent decision which held the sentencing guidelines to be unconstitutional,[5] the only timeliness provision that might be available to the defendant is the third timeliness provision, that is, the one where a "right asserted was initially recognized by the Supreme Court, if that right

---

[5] In *Booker*, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756, 160 L. Ed. 2d at 650 (applying its decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), to the Federal Sentencing Guidelines).

7

has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Nonetheless, on July 7, 2005, the Eighth Circuit Court of Appeals determined "the 'new rule' announced in [*United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)] does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses A Shot v. United States*, 413 F.3d 781, ___ (8th Cir. 2005). Consequently, any reliance on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), is unavailing for purposes of filing under the third timeliness provision which is contained in 28 U.S.C. § 2255.

The 1-year period of limitation for filing a 28 U.S.C. § 2255 motion is a statute of limitation, not a jurisdictional bar, and, thus, subject to equitable tolling. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, equitable tolling only applies when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999). *See also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (addressing 28 U.S.C. §2254 petition) (stating a defendant's unfamiliarity with federal law is not a ground for equitable tolling). The defendant does not offer any valid excuse for failing to timely file her 28 U.S.C. § 2255 motion. Although she knew by March 17, 2005 that she needed to file her 28 U.S.C. § 2255 motion, the defendant waited until May 5, 2005 to submit any of her pleadings. It is clear from the record that nothing prevented the defendant from filing a motion to extend the deadline for filing her 28 U.S.C. § 2255 motion before the limitation period expired. Therefore, the court deems it appropriate to deny the defendant's motion to extend the deadline for filing her 28 U.S.C. § 2255 motion and finds the defendant's situation does not fall within the limitation period allowed by 28 U.S.C. § 2255.

In sum, all of the claims the defendant asserts could have been asserted before a judgment of conviction was entered, on direct appeal or in a timely 28 U.S.C. § 2255 motion. "'The one year period provided [the defendant] with reasonable opportunity to file for relief; and if that time period has expired, it is the result of [the defendant's] own doing and not due to any inadequacy in the statute.'" *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000) (quoting *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)). Although this is a harsh rule, it is the law. Accordingly, the defendant's motion pursuant to 28 U.S.C. § 2255 and motion to extend the deadline for filing her 28 U.S.C. § 2255 motion shall be denied.[6]

### D. Certificate of Appealability

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122

---

[6] Aside from the fact that the claims asserted are barred by the applicable statute of limitations, the court notes the defendant's claims are without merit. The plea agreement between the defendant and the government addresses many, if not all, of the defendant's concerns. For example, with respect to the potential for a substantial assistance departure, the plea agreement indicated that the decision to move for a departure under U.S.S.G. § 5K1.1 rested solely with the government and made sure that the defendant realized she could not withdraw her plea of guilty or otherwise fail to comply with the terms of the agreement in the event that she became dissatisfied with the government's decision regarding a substantial assistance departure. In addition, the court only utilized the career offender guideline or U.S.S.G. § 4B1.1 to enhance her sentence; nothing prevented the court from imposing an enhanced sentence based on the defendant's prior convictions.

9

F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). *See also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the defendant failed to make the requisite "substantial showing" with respect to all of the claims she raised in her 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because she does not present questions of substance for appellate review, there is

no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If she desires further review of her 28 U.S.C. § 2255 motion, the defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The defendant's 28 U.S.C. § 2255 motion (Docket No. 100) is DENIED.

2) The defendant's application to proceed in forma pauperis (Docket No. 99) is DENIED as moot.

3) The defendant's motion to extend the deadline for filing her 28 U.S.C. § 2255 motion (Docket No. 98) is DENIED.

4) A certificate of appealability is DENIED.

**DATED** this 1st day of November, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA